**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Todd Schwallie,<br><br>                    Plaintiff,<br><br>v.<br><br>American Family Mutual Insurance Company,<br><br>                    Defendant. | No. CV-12-00681-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant American Family Mutual Insurance Company's Response to the Court's Order to Show Cause (Doc. 71). In its prior Order (Doc. 69), the Court denied Defendant's Motion for Summary Judgment. The Court held that the anti-stacking provision of the underinsured motorist endorsement in Mr. Schwallie's Motorcycle Policy with Defendant American Family Mutual Insurance Company (American Family) did not comply with the requirements of A.R.S. § 20-259.01(H). As a result, the Court ordered American Family to show cause why summary judgment should not be granted to Mr. Schwallie on the issue of liability.

In its Response, American Family contends that an insurer's failure to notify the insured of his right to select which underinsured motorist coverage should apply does not preclude enforcement of an anti-stacking provision, relying on *Farmers Insurance Company of Arizona v. Voss*, 188 Ariz. 297, 298, 935 P.2d 875, 876 (Ct. App. 1996). The Arizona Supreme Court has made clear that the burden is on insurers to take

1  affirmative steps to incorporate an anti-stacking provision if they are to be enforced.
2  *State Farm Mut. Auto. Ins. Co. v. Lindsey*, 182 Ariz. 329, 331, 897 P.2d 631, 633 (1995).
3  In *Voss*, the state court held that the anti-stacking provisions of underinsured motorist
4  endorsements on four policies an insured had with one insurer could be enforced even
5  when they did not advise the insured of his right to select which policy applies. The *Voss*
6  court held that the insurer's failure to include explicit language informing the insured of
7  his right to select which policy should apply was harmless where each policy actually
8  contained an anti-stacking provision and the insurer paid benefits under the policy with
9  the highest limits.

10  American Family's reliance on *Voss* is misplaced, however, because the situation
11  in this case is different from *Voss* in one critical respect: each of the four policies in that
12  case contained an underinsured motorist endorsement, and the accompanying anti-
13  stacking provision, before the insured was injured. In this case, by contrast, Mr.
14  Schwallie's Motorcycle Policy did not contain an underinsured motorist endorsement,
15  and could not contain an anti-stacking provision, until it was reformed after his claim.
16  The Motorcycle Policy's anti-stacking provision therefore did not comply with the
17  requirements of A.R.S. § 20-259.01(H) not only because it failed to advise Mr. Schwallie
18  of his right to select which policy could apply, but also because it was not incorporated
19  into the policy at all prior to the accident. Mr. Schwallie did not agree to the anti-
20  stacking provision in the Motorcycle Policy, and it was not incorporated into the policy
21  by express agreement of the parties as part of the written acceptance of an underinsured
22  motorist endorsement that contains such a provision. As a result, Mr. Schwallie's right to
23  select either the Family Car Policy or the Motorcycle Policy to apply was not implicit in
24  each policy, as it was in *Voss*.

25  Even more important, American Family cannot rely on *Voss* because *Voss*
26  interpreted a previous version of the anti-stacking statute that did not contain an explicit
27  requirement that the insured be notified of his right to select a policy in writing. 188
28

Ariz. at 298, 935 P.2d at 876 (citing A.R.S. § 20-259.01(F) (1994) (amended 1998)). However, two years after *Voss* was decided the Arizona legislature amended the statute itself to make clear that written notice must be given to the insured if the policy itself did not contain "a statement that informs the insureds of the insured's right to select one policy or coverage, as required by this subsection . . . ." A.R.S. § 20-259.01(H) (as amended by Ariz. Law 1998, Ch. 288, § 1). The statutory requirement that the policy contain written notice of the insured's right to select a policy, or that the insurer provide written notice of that right within 30 days of the accident, was therefore not at issue in *Voss*.

The Arizona legislature effectively overruled the *Voss* court's holding that an anti-stacking provision could be enforced in some circumstances without written notice immediately after it was decided. American Family's argument that an insurer's failure to notify the insured of his right to select a policy is not fatal to the insurer's ability to enforce an anti-stacking provision is thus contrary to Arizona's specific statutory command. Failure to notify an insured of his right to select which policy should apply in an anti-stacking provision in writing, either in the policy itself or within 30 days of any claim, prevents an insurer from limiting coverage under Arizona law. American Family did neither in this case, and so is liable under both policies.

IT IS THEREFORE ORDERED that Defendant American Family Mutual Insurance Company's Response to the Court's Order to Show Cause (Doc. 71) is treated as a Motion to Reconsider and is denied.

IT IS FURTHER ORDERED that the Court's Order to Show Cause (Doc. 69) is discharged.

IT IS FURTHER ORDERED that summary judgment is granted in favor of Plaintiff, under Rule 56(f)(1), on the issue of American Family's liability under the underinsured motorist endorsement of Mr. Schwallie's Family Car Policy.

1    IT IS FURTHER ORDERED that the deadlines in the Order Setting a Final Pretrial Conference (Doc. 70), in preparation for trial on the issue of Mr. Schwallie's damages, are reaffirmed.

Dated this 20th day of August, 2013.

_____
Neil V. Wake
United States District Judge